UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL HERNANDEZ, <br> Petitioner, <br> v. <br> PAUL D. BRAZELTON, Warden, <br> Respondent. | NO. CV 12-8716-GW (AGR) <br><br> ORDER TO SHOW CAUSE |

On October 11, 2012, Petitioner, who is represented, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before *November 13, 2012*, why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

# I.

# PROCEDURAL BACKGROUND

On June 20, 2008, a Los Angeles County jury convicted Petitioner of various crimes. (Petition at 2.) On August 13, 2008, the court sentenced Petitioner to 63 years in prison. (*Id.*) On November 17, 2009, the California Court of Appeal affirmed the conviction. (*Id.* at 3.) On February 3, 2010, the California Supreme Court denied review. (*Id.*, Attachment 4.)

On March 1, 2011, Petitioner filed a habeas petition in the Superior Court, which was denied on March 24, 2011. (*Id.* at 3-4.) On August 4, 2011, Petitioner filed a habeas petition in the California Court of Appeal, which was denied on August 15, 2011. (*Id.*) On October 25, 2011, Petitioner filed an application to recall the remittitur in his direct appeal; the application was denied on November 28, 2011. (*Id.* at 4-5.)

On October 11, 2012, Petitioner filed the instant petition in this court in which he raises two grounds, both alleging his constitutional rights were violated by the erroneous admission of evidence. (*Id.* at 5 & Attachment 8.)

# II.

# STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). Only subdivision (d)(1)(A) is relevant in Petitioner's case.

The California Supreme Court denied review on direct appeal on February 3, 2010. Petitioner's conviction became final 90 days later on May 4, 2010. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Absent tolling, the statute of limitations expired on May 4, 2011.

### A.  Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The clock began to run on May 4, 2010, when Petitioner's conviction became final. Petitioner filed his first state habeas petition on March 1, 2011, at which point 301 days of the limitations period had elapsed. Assuming without deciding that Petitioner is entitled to statutory tolling from March 1, 2011, when he filed his first state habeas petition, to November 28, 2011, when the application to recall the remittitur was denied,[1] Petitioner had 64 days remaining in the limitations period to file here, meaning the limitations period expired on January 31, 2012. Absent equitable tolling, the petition is time-barred.

### B.  Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation

---

[1] At this stage of the proceedings, the court expresses no opinion on whether the application to recall the remittitur statutorily tolled the statute of limitations, or whether the gaps between Petitioner's collateral filings shortened the statutory tolling period.

3

marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

## III.
## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **November 13, 2012**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED:  October 17, 2012

　　　　　　　　　　　　　　　　　　　ALICIA G. ROSENBERG
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

4