UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANGEL HERNANDEZ,
Petitioner,
v.
PAUL D. BRAZELTON, Warden,
Respondent.

NO. CV 12-8716-GW (AGR)

ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

The Report found that the Petition is time-barred. Petitioner's conviction became final on May 4, 2010, and he filed his first state habeas petition on March 1, 2011. The Report assumed that Petitioner was entitled to statutory tolling through November 28, 2011, and granted equitable tolling through January 11, 2012. At that point, Petitioner had 64 days remaining in the one-year limitations

period, which expired on March 15, 2012. Petitioner did not file his Petition in this court until October 11, 2012, when he was represented by counsel. (Report at 3-4; *Id.* at 5 n.3.)

The Objections cite a Ninth Circuit decision that issued after the magistrate judge filed her Report. *Curiel v. Miller*, 780 F.3d 1201, 2015 U.S. App. LEXIS 4436 (9th Cir. Mar. 19, 2015). In *Curiel*, the court rejected petitioner's request for equitable tolling. Petitioner argued that he could not file his federal habeas petition until trial counsel provided him with the trial files. The court noted that the petitioner received those files in March 2009, six months before the limitations period expired in September 2009. *Id.* at *11. The petitioner further argued that he reasonably believed the statute of limitations was tolled when he filed his first state habeas petition. The court noted that the Superior Court and Court of Appeal rejected the state habeas petitions on June 10, 2009, and August 6, 2009, respectively. "Thus, with more than a month remaining before the statute of limitations ran out, two state courts had informed Curiel that his state petition was untimely, giving Curiel ample time to file a protective federal petition." *Id.* The court found that the Petitioner's *pro se* status did not alter the result. *Id.* at *12.

Here, Petitioner had a little over two months remaining in the limitations period as of January 11, 2012, when he received the state court's order denying his application for remittitur that had previously been sent to the wrong prison. According to the Report, the Litigation Coordinator at the prison stated that Petitioner was not denied access to the law library facility at any time during the period January 1, 2012 through November 19, 2012. Law library logs indicate Petitioner visited the law library on February 16, 2012. (Report at 4.) The Report noted that the federal habeas petition raises the same evidentiary issues argued on direct appeal in the state court. (*Id.* at 5.) Thus, Petitioner has not shown that he is entitled to equitable tolling beyond January 11, 2012.

IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: May 4, 2015

GEORGE H. WU
United States District Judge